ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 524-3399
email: michael.kennedy@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HOWARD JOHN WAKEFIELD, III, <br><br> Defendant. | Case No. 2:21-cr-00201-DS <br><br> MOTION FOR REVOCATION OF RELEASE AND REQUEST FOR WARRANT OR ORDER OF SELF-SURRENDER PERSUANT TO 18 U.S.C. § 3148(b) <br><br> Magistrate Judge Daphne Oberg |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully moves the Court to revoke the release of the Defendant and to reinstate its previously stayed Order of self-surrender, or, in the alternative, issue a warrant for the arrest of the defendant. In support of its motion, the United States avers:

1. On October 20, 2021 the Court entered an Order that the Defendant self-surrender to the United States Marshal for the Eastern District of Texas on

November 3, 2021, as a consequence of the Court's findings that the Defendant had violated conditions of pretrial release. (Docs. 47, 48, 49.)

2. On November 2, 2021 the Court stayed its self-surrender Order to allow the Defendant the opportunity to participate in in-patient mental health and substance abuse treatment. (Doc. 52.)

3. On November 12, 2021, as an officer of the Court and pursuant to the Court's instruction that updates be provided (Doc. 54), counsel for the Defendant advised the Court, the Probation Office, and counsel for the United States, in part, that

> "Howard Wakefield was discharged yesterday from the Crisis Residential Unit (CRU). His therapist had referred him for an evaluation, but he would not let him call me to arrange an Uber, insisting instead that he use public transportation to get to the appointment. Howard got mixed up on the bus system and ended up walking for miles and missing the appointment. He said he was tired and thirsty and bought some beer to cool off on his long walk back to the CRU.
>
> The CRU has a 0 tolerance policy for alcohol, so he was discharged and referred to the Houston "drunk tank" (it has a fancier name that I can't remember). His brother picked him up from that, and Howard spent the

night at his brother's." (Email from Counsel Benjamin McMurray Nov. 12, 2021 8:51 a.m. MST.)

4. On November 13, 2021, the Defendant's Pretrial Services Officer in the District of Utah advised as follows:

"Mr. Wakefield was graciously granted an opportunity by the Court to address his mental health and substance abuse concerns in lieu of his pretrial release being revoked for various instances of noncompliance. It appears as soon as he was granted a small measure of autonomy, he chose to consume alcohol and in doing so violate the conditions of release, once again. His consumption of alcohol was by choice, not because he could not utilize a ride share service, had to use public transportation, got lost, or had to walk a considerable distance. If he was thirsty and he wanted to comply with the conditions of release he would have purchased water or Gatorade, to quench his thirst, not beer. Apparently he purchased and consumed an amount of alcohol that caused enough concern for him to be held by police for a period of time to detoxify.

Pretrial Services respectfully recommends the Court issue the bench warrant which was stayed at the time of the violation hearing and impose a date by which Mr. Wakefield be required to self-surrender to the U.S. Marshals

Service in Houston, Texas. Mr. Wakefield is unwilling and/or unable to abide by conditions of release. (Email from Zachary McBride Nov. 13, 2021 8:26 a.m. MST.)"

5. On information and belief from the United States Probation Office and Defendant's counsel, the United States understands that the defendant currently has no stable residence and is not participating in in-patient mental health treatment as ordered by this Court.

6. Under these circumstances, the United States avers that the Court's stay of its Order of self-surrender should be lifted and the Defendant be ordered to self-surrender forthwith or, alternatively that a warrant for arrest should issue.

Wherefore, the United States requests that its Motion be granted.

DATED: November 15, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

/s/ *Michael Kennedy*
MICHAEL KENNEDY
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing MOTION FOR REVOCATION OF RELEASE AND REQUEST FOR WARRANT OR ORDER OF SELF-SURRENDER PERSUANT TO 18 U.S.C. § 3148(b) was caused to be served on all persons named below, either by electronic filing notice, U.S. Mail (postage prepaid), or hand delivery, on November 15, 2021.

Benji McMurray
Assistant Federal Defender

Zac McBride
U.S. Pretrial Services Officer

/s/ *Michael Kennedy*

5